**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON**

| | |
|---|---|
| STATE OF WASHINGTON, | No. 86986-8-I |
| Respondent, | DIVISION ONE |
| v. | UNPUBLISHED OPINION |
| GARY M. DAVIS, | |
| Appellant. | |

MANN, J. — In 1999, Gary Davis pleaded guilty to attempted first degree murder. Davis had a prior conviction for unlawful possession of a controlled substance. The sentencing court found aggravating circumstances and imposed an exceptional sentence above the standard range.

In 2023, Davis moved for relief under CrR 7.8 following State v. Blake, 197 Wn.2d 170, 481 P.3d 521 (2021), asking the court to vacate his judgment and sentence and conduct a de novo resentencing hearing. The superior court corrected Davis's offender score, but it declined to conduct a de novo resentencing hearing. Davis appeals.

We hold that a de novo resentencing hearing is required because Davis's standard sentence range decreased with the reduction of his offender score. As a result, we conclude that the trial court erred when it failed to conduct a de novo

resentencing. On remand, Davis may present mitigating evidence, including any rehabilitation since his initial sentencing. But the factual findings that supported Davis's initial exceptional sentence remain final and available to the trial court if it decides to impose an exceptional sentence on remand, though it is not bound to issue an exceptional sentence. We reverse and remand for a de novo resentencing.

I

A

On January 26, 1999, community corrections officer (CCO) Tom Perrine was leaving his house for work when he was severely injured by an explosive device that was placed in his carport. Perrine suffered severe life-threatening injuries but ultimately survived.

Davis admitted that he built the explosive device and placed it in Perrine's carport. Davis stated that he built the explosive device at the direction of Steve Pink. Perrine was Pink's CCO and had recently requested a warrant for Pink's arrest. Perrine had also previously revoked Pink's community custody.

Davis pleaded guilty to attempted murder in the first degree with a deadly weapon. Davis had an offender score of 1 based on a 1996 conviction for possession of a controlled substance. His standard range was 187-249 months, plus an additional 24 months for the deadly weapon enhancement. The State recommended an exceptional sentence upward of 460 months, totaling 484 months with the deadly weapon enhancement. The State noted that this was "a little less than doubling of the standard range."

The sentencing court concluded that there were substantial and compelling reasons to justify an exceptional sentence above the standard range. The court found that the attempted premeditated murder of a CCO related to his official duties constituted an aggravating factor justifying a sentence far above the maximum standard range. The court also found the aggravating factors of deliberate cruelty and a violation of Perrine's zone of privacy, which the court found each independently supported an exceptional sentence.

The court adopted the State's recommendation and sentenced Davis to 460 months plus 24 months for the deadly weapon enhancement, totaling 484 months. Davis appealed to Division Two, who affirmed, and later he unsuccessfully filed personal restraint petitions (PRP).

B

In December 2023, Davis moved under CrR 7.8 to correct his offender score and for a resentencing hearing. Davis asserted that resentencing was appropriate because his judgment was void. With the reduction of his offender score from 1 to 0, his standard range lowered to 180-240 months.

The State did not initially object to the resentencing hearing and the State submitted an "agreed scheduling order," which was signed by the court. Before the hearing, the State filed a memorandum of authorities arguing that the court should only correct Davis's offender score but not conduct a full resentencing. The court agreed and corrected Davis's offender score and declined to conduct a de novo resentencing or vacate Davis's judgment and sentence. The court found that the sentencing judge would have imposed the same exceptional sentence.

-3-

Davis appeals.

II

Davis argues that the trial court abused its discretion when it corrected only Davis's offender score but declined to have a de novo resentencing. Specifically, Davis argues that the trial court effectively vacated his judgment and sentence when it scheduled a resentencing hearing. Alternatively, Davis argues that he is still entitled to a full resentencing hearing because his judgment and sentence was facially invalid. We agree.

Our Supreme Court recently addressed the question of whether a one-point error in an offender score based on a Blake conviction requires resentencing in State v. Ellis, 5 Wn.3d 549, 556, 579 P.3d 37 (2025). In 2008, when Ellis was 18 years old, he killed Javon Holden. Ellis pleaded guilty to second degree felony murder. Ellis had an offender score of 4, which included a prior conviction for unlawful drug possession. Ellis's standard range sentence was 225-325 months and was ultimately sentenced to 300 months.

As a result of the Blake decision, in 2021, Ellis became eligible to vacate his unlawful drug possession conviction and sought resentencing under CrR 7.8. Ellis, 5 Wn.3d at 555. During his resentencing hearing, Ellis asked the court to take his youthfulness into consideration. The sentencing court declined. Ellis, 5 Wn.3d at 554-55. Ellis appealed arguing that the sentencing court erred in failing to treat the resentencing hearing as a de novo resentencing. Ellis, 5 Wn.3d at 555-56. Division Two of this court affirmed, concluding any error was harmless because the sentencing

-4-

court imposed the sentence Ellis requested. State v. Ellis, 27 Wn. App. 2d. 1, 5, 530 P.3d 1048 (2023). Our Supreme Court granted review.

The Supreme Court agreed with Ellis that he was entitled to a de novo resentencing hearing. The Court explained:

> The change in Ellis's offender score lowered his sentencing range, which meant he was entitled to a full resentencing hearing. "Where an error in a defendant's offender score affects the applicable sentencing range, resentencing is required." State v. Kilgore, 167 Wn.2d 28, 41, 216 P.3d 393 (2009). Until a trial court exercises its independent discretion in imposing a new judgment and sentence, there is no sentence. See State v. McWhorter, 2 Wn.3d 324, 327-28, 535 P.3d 880 (2023) (quoting State v. Waller, 197 Wn.2d 218, 228, 481 P.3d 515 (2021); Kilgore, 167 Wn.2d at 36 n.5). "Though a trial court's discretion to resentence can be limited by an appellate court's mandate, where no such limitation exists, the trial court has the authority to consider issues and evidence that were not the subject of earlier proceedings." State v. Vasquez, 4 Wn.3d 208, 215, 560 P.3d 853 (2024) (plurality opinion) (citing Kilgore, 167 Wn.2d at 42, 216 P.3d 393); see also id. at 216 ("In this case, there was no appellate court limitation, so the resentencing court's discretion was at its broadest."). The Sentencing Reform Act of 1981 directs courts to consider all relevant evidence and argument during sentencing and resentencing. Id. at 217 (quoting RCW 9.94A.500(1), .530(2)).

Ellis, 5 Wn.3d at 556.

Here, like Ellis, the change in Davis's offender score lowered his sentencing range and he was entitled to a full, de novo, resentencing hearing. The trial court abused its discretion in declining to do so.

III

Davis argues that Blakely v. Washington, 542 U.S. 296, 124 S. Ct. 2531, 159 L. Ed. 2d 403 (2004) applies on remand for his de novo resentencing. We disagree.

In Blakely, the United States Supreme Court held that criminal defendants have a constitutional right to have a jury decide facts that support an aggravating factor

underlying an exceptional sentence above the standard range. 542 U.S. at 304-05. The Washington Supreme Court held that Blakely does not apply retroactively. State v. Evans, 154 Wn.2d 438, 449, 114 P.3d 627 (2005).

In State v. Rowland, 174 Wn.2d 150, 152, 272 P.3d 242 (2012), the defendant received an exceptional sentence 180 months over the standard range based on a finding of deliberate cruelty from a crime committed in 1991. In 2007, post-Blakely, the defendant filed a PRP asserting that his offender score was incorrectly calculated. Rowland, 174 Wn.2d at 152-53. The State agreed, and the petition was granted for the defendant to be resentenced. Rowland, 174 Wn.2d at 153.

At the resentencing hearing, the court amended the judgment to reflect the defendant's corrected offender score but reimposed the original exceptional sentence. Rowland, 174 Wn.2d at 153. On review, our Supreme Court explained that the resentencing judge "did not reconsider the factual findings supporting the exceptional sentence, did not make any new findings regarding deliberate cruelty, and did not change the length of the exceptional sentence." Rowland, 174 Wn.2d at 155. The court explained that Rowland had challenged in his direct appeal the factual basis for the judicial finding of deliberate cruelty, which was affirmed. Rowland, 174 Wn.2d at 155. Accordingly, the court affirmed his sentence and explained:

> Correction of Rowland's offender score error in 2009 did not require inquiry into the underlying basis for the exceptional sentence, and no inquiry was made. The trial court on remand did not redecide the justification for the exceptional sentence, and the change to Rowland's standard range left the justification intact. In essence, no new exceptional sentence was imposed since only the standard range was corrected. Blakely prohibits judicial fact finding in cases final after Blakely, which did not occur here. Based on the actions of the resentencing court, we hold only that Blakely did not apply at Rowland's resentencing.

Rowland, 174 Wn.2d at 155.

State v. Anderson, 36 Wn. App. 2d 272, 583 P.3d 38 (2026) is instructive. In 1999, Anderson pleaded guilty to first degree murder that he committed when he was 19 years old. Anderson, 36 Wn. App. 2d at 275. Anderson's offender score was 3, and his standard range sentence was 271-361 months. The trial court made two factual findings that could support an exceptional sentence: (1) that the victim was particularly vulnerable and (2) that Anderson acted with deliberate cruelty. Anderson, 36 Wn. App. 2d at 275. The trial court determined that substantial and compelling reasons existed to support an exceptional sentence above the standard range and concluded that the appropriate sentence would be double the midpoint above the standard range. The court sentenced Anderson to 632 months. Anderson, 36 Wn. App. 2d at 275-76. The trial court also indicated that it would have sentenced Anderson to double the midrange regardless of his offender score. Anderson, 36 Wn. App. 2d at 276.

Anderson unsuccessfully appealed his sentence to Division Two arguing that there was insufficient evidence to support the factual finding that the victim was particularly vulnerable. Anderson, 36 Wn. App. 2d at 276. After the Supreme Court's decision in Blakely, Anderson filed a PRP arguing that he was entitled to a jury determination of aggravating factors supporting his exceptional sentence, but Division Two denied his PRP since Blakely is not retroactive. Anderson, 36 Wn. App. 2d at 276.

In 2024, Anderson moved under CrR 7.8 to vacate his judgment and sentence and for resentencing. Anderson, 36 Wn. App. 2d at 276. The trial court adjusted Anderson's offender score to 2 but declined to vacate his judgment and sentence and

conduct a de novo resentencing. Anderson, 36 Wn. App. 2d at 276. Anderson's standard range was reduced, and the court imposed an exceptional 608-month sentence, which was double the midpoint of Anderson's new standard range based on the prior sentencing court's findings of deliberate cruelty and a vulnerable victim. Anderson, 36 Wn. App. 2d at 277.

Division Two held that the factual findings supporting the aggravating factors of vulnerable victim and deliberate cruelty made by the original sentencing court remain final and available to the resentencing court. Anderson, 36 Wn. App. 2d at 292-94. The court held that the issue was controlled by Rowland and that Blakely did not apply. Anderson, 36 Wn. App. 2d at 293. The court explained:

> On remand, the resentencing court, after hearing full argument from both sides as to their respective sentencing recommendations and considering any mitigating evidence provided by Anderson related to his sentence request, including the impact of his youthfulness on his crime and any evidence related to his subsequent rehabilitation, has the discretion to impose any sentence it deems appropriate. This could include a standard range sentence, an exceptional sentence below the standard range, or an exceptional sentence above the standard range based solely on the judicial findings that have been affirmed by this court and are final. We express no view about what sentence the superior court should impose on remand; we only require that the trial court understand the breadth of its discretion.

Anderson, 36 Wn. App. 2d at 294-95.

We agree with and follow the analysis in Anderson. The factual findings that supported Davis's exceptional sentence were not part of his initial judgment and sentence. As explained in Anderson, the factual findings whether made pre-Blakely or post-Blakely are not part of the defendant's sentence. At the de novo resentencing, the sentencing court may look to the factual findings that supported Davis's exceptional

sentence in 1999. However, the sentencing court is not bound to impose an exceptional sentence because of the factual findings from 1999. The sentencing court may consider new evidence, evidence of rehabilitation, or other arguments that the parties want to make. But based on Rowland, Blakely does not apply on resentencing for a reduced offender score.

We reverse and remand for a de novo resentencing.

Mann, J.

WE CONCUR:

Feldman, J.

Coburn, J.